[Beadle v. Graham's Adm'r.]

# Beadle *v.* Graham's Adm'r.

66   99
93   473

*Action on Common Counts.*

1. *Proof of transactions with decedent, in action by administrator.*—In an action brought by an administrator (or revived in his name on the death of the original plaintiff), the defendant can not be allowed to testify, in his own behalf, that the intestate sued him before a justice of the peace on the same cause of action, and that the justice decided plaintiff was not entitled to recover. Such testimony is within the statute as to *transactions* with a decedent whose estate is interested in the result of the suit (Code, § 3058), and can not be proved by the adverse party himself.

2. *Conclusiveness of judgment.*—A former judgment between the parties, on the same cause of action, is not conclusive in a second action, if the cause was discontinued, or the plaintiff took a nonsuit, or there was no judgment on the specific matter in issue.

3. *Common and special counts; when necessary or proper.*—So long as a contract continues executory, the plaintiff is required to declare specially on it; but, when it has been executed on his part, and no duty remains but the payment of money by the defendant, a recovery may be had under the common counts.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This action was brought by Thomas Graham (and revived in the name of his administrator, on his death pending the suit), against Joshua H. Beadle; and was commenced on the 15th January, 1866. The original complaint contained the common count for work and labor done by plaintiff for defendant, of the value of $100, due the 1st January, 1864; and the common count for money had and received by defendant, to and for the use of the plaintiff, amounting to $100, and due the 1st January, 1864. The defendant pleaded "the general issue, payment, and former trial and judgment for defendant;" and issue was joined on these several pleas. A third (or special) count was added to the complaint during the trial, by leave of the court, but was afterwards withdrawn and abandoned, as appears from the bill of exceptions. The judgment entry only shows that the cause was tried on issue joined, and a verdict and judgment rendered for the plaintiff.

"On the trial, as the bill of exceptions states, "evidence was offered tending to prove that the subject-matter of the present suit had been heard, tried and passed upon, by one Smith Adams, a justice of the peace for said county; and that judgment was rendered, on said trial, for the said defendant, and against the plaintiff's intestate, who was plain-

tiff in said suit; defendant himself being offered as a wit-
ness to prove these facts, and proof having been made that
the docket of said Adams, for that year, could not be found,
after proper legal search; and that search was made among
the papers of said justice, for the papers of said case, and
they could not be found.    The proof showed, also, that the
papers had been scattered, and that some of them were miss-
ing.    Figg, a justice of the peace in the same beat, testified
that the docket and papers of said Adams were left with
him; and that, after diligent search, he could not find the
docket of said Adams for the latter part of 1865 and the first
of 1866, covering the time that this trial is alleged to have
been had.    Defendant offered to prove, by his own testimony,
that said Graham in his life-time sued him, before said
Adams, for the same debt here sued on; that said cause was
tried, and that said Adams adjudged that Graham was not
entitled to recover of him, and that a judgment for costs was
rendered on said trial in defendant's favor.    The plaintiff
objected to the defendant's testimony, thus offered; which
objection the court sustained, and excluded the said evidence;
to which ruling the defendant excepted.

" During the trial of said cause, also, plaintiff offered evi-
dence to prove that, in January, 1862, his intestate agreed
with said defendant to attend to his business on his planta-
tion near Huntsville, for $12.50 per month; and that said
intestate, under said contract, moved to defendant's planta-
tion, and remained in his employment until November, 1864."
After stating that, on objection being made to this evidence,
the court allowed a special count to be added to the com-
plaint, to which the statute of limitations was pleaded, and
which was then withdrawn and abandoned, the bill of excep-
tions proceeds thus:    " Defendant thereupon renews his
motion to exclude from the jury, as evidence under the said
two common counts, said evidence of the agreement in 1862
for labor at $12.50 per month; which motion the court over-
ruled, and the defendant excepted."

The defendant requested the court, in writing, to instruct
the jury "that, on the proof of the special contract between
the parties, the plaintiff can not recover on either the first or
the second count"; also, "that if the jury believe, from the
evidence, that Graham and Beadle agreed- that $12.50 per
month should be paid for Graham's services, plaintiff can
not recover on the first or second count in the declaration."
The court refused each of these charges, and the defendant
duly excepted to their refusal; and he now assigns their
refusal as error, together with the rulings of the court on the
evidence, to which, as above stated, he reserved exceptions.

[Beadle v. Graham's Adm'r.]

DAVID P. LEWIS, for appellant.

L. P. WALKER, *contra*.

SOMERVILLE, J.—There was no error in excluding the testimony of the appellant, by which it was proposed to prove that Thomas Graham, who was the intestate of appellee, during his life-time, sued appellant before a justice of the peace, for the same subject-matter here in litigation ; that the case was tried, and the justice adjudged that Graham was not entitled to recover. The appellant was not a competent witness under the statute. He was a party defendant to the suit, and the case involved a direct, immediate conflict, between his own rights and those of the estate of Graham, who was then deceased. The matter proposed to be established by his testimony was a "transaction" with the deceased, within the meaning of section 3058 of the present Code (1876). It was not only a transaction, but it was a controversy, which is included in the very soul and spirit of the statutory prohibition. To testify that this controversy was judicially determined, by the authority of a justice of the peace, and in his presence, carries with it necessarily the further averment, that the deceased was a party to the suit, made so by such service or voluntary appearance in court as to conclude his legal rights ; that the two suits were identical, and that the judgment rendered was on the merits of the case.

2. The loss of the papers in the justice's court having been satisfactorily established, these matters were open to parol evidence. A cross-examination of the witness, moreover, may have disclosed the fact that the case was discontinued, or that the plaintiff took a non-suit, or there may have been no judgment on the specific matter in issue ; in either of which events, the proceedings would not have been conclusive.—1 Greenl. Ev. § 529 ; *Ala. Gold Life Ins. v. Sledge*, 62 Ala. 566.

3. The special contract, or agreement, between the plaintiff's intestate, Graham, and the defendant, Beadle, made in 1862, was properly admitted in evidence under the common counts. There was no need of another count, declaring specially on this agreement. The rule in such cases is, that so long as a contract continues *executory*, the plaintiff is required to declare specially ; but, when it has been *executed* on his part, and no duty remains but the payment of the price in money by the defendant, a recovery may be had under the common counts.—2 Greenl. Ev. § 104 ; *Holbrook v. Dow*, 1 Allen, 397.

The judgment is affirmed.

BRICKELL, C. J. not sitting.