# German, as Executor, *v.* Brown & Leeper, *et al.*

## *Assumpsit.*

(DECIDED DEC. 21, 1905, 39 So. REP. 742.)

1. *Witnesses; Competency; Transactions with Decedent; Calling by
   Adverse Party.*—Where an executrix, suing as plaintiff, pro-
   pounds interrogatories to defendants, under § 1850 of the
   code, which interrogatories are answered by defendant, and
   the executrix introduces the interrogatories and answers in
   evidence, and they relate to transactions between defendants
   and plaintiff's testator, she brings defendants within the ex-
   ception contained in § 1794 of the code, and entitles them to
   testify on their own behalf to transactions with her testator.

2. *Same; Nature of Testimony.*—Interrogatories propounded to de-
   fendant, requiring them to answer when and by whom they
   were employed to conduct a certain cause, answering which
   defendants said that they were employed by plaintiff's tes-.
   tator, giving date and nature of employment, involved a trans-
   action between defendants and plaintiff's testator; and when
   such interrogatories and answers are introduced by plaintiff
   in evidence, entitles defendants to testify further as to the
   details and terms of employment, under the exception con-
   tained in § 1794, authorizing a party to testify to a trans-
   action with a deceased person, when called by the adverse
   party.

3. *Appeal; Reviewable Errors.*—Errors, based on rulings on the
   admissibility of testimony to which no exception was reserved
   on the trial, cannot be considered on appeal.

4. *Bills of Exception; Construction.*—Where a bill of exceptions is
   susceptible of two constructions, one of which will reverse
   and the other support the judgment of the lower court, the
   construction which will support the judgment will be adopted,
   the bill being construed most strongly against the party ex-
   cepting.

5. *Attorney and Client; Compensation of Attorney; Fees.*—Where
   one sues to recover a sum retained by attorneys as fees and
   the undisputed evidence is that the contract of employment
   stipulated for a contingent fee, that defendants were, in the
   event of recovery, to have a reasonable fee for their services,
   and if nothing was recovered were to have no fee, and that

[German, as Executor, v. Brown & Leeper, *et al.*]

under such a contract a fee of 50 per cent. would be a reasonable fee, and that the litigation terminated favorably to the client, and that the attorneys had received not quite fifty per cent. of the amount recovered as their fee, the affirmative charge for defendants was proper.

APPEAL from Shelby Circuit Court.

Heard before Hon JOHN PELHAM.

This was an action begun by appellant to recover of appellee, fees alleged to have been retained which properly belonged to the estate. The facts are sufficiently stated in the opinion of the court. There was judgment for defendants.

SAM WILL JOHN, for appellant.—A branch of this case has been to this court before.—*German v. Brown, et al,* 137 Ala. 429.—The court erred in permitting the defendants to testify to a conversation they had with decedent at the time he employed them as attorneys to prosecute his suit against the pig iron and storage warrant company.—Section 1794, Code 1896; *Howle v. Edwards,* 97 Ala. 649. Before these defendants, who were disqualified from testifying as to the terms of their contract with decedent, could claim the right to prove the whole of the term, the plaintiff must have proved or introduced evidence tending to prove a part of the term.—1 Greenleaf on Evidence, Sec. 201-202; *McLean v. The State,* 16 Ala. 672; *Scruggs v. Bibb,* 33 Ala. 484. The cases relied on by appellees as contradicting this proposition, have no application here. Appellant has not split her cause of action, and if the defendant has any legal or equitable lien on the money or any right of cross action upon the same transaction, the plaintiff can recover only the balance after satisfying said counter demand.— *Steiner Bros. v. Clisby,* 103 Ala. 190; *Bartlett v. Bramhall,* 3 Gray 260; *Eddy v. Smith,* 13 Wendell, 490. The defendants pleas of payment and recoupment were wholly unnecessary and could not change the nature of plaintiff's action and were not supported or established by the evidence that they had a right to retain what was justly due them for their services.—*Eddy v. Smith, supra.*

S. J. BOWIE and C. C. WHITSON, for appellee.—After amendment demurrers should be refiled to the amended pleading to be considered.—*L. & N. R. R. Co. v. Wood,* 105 Ala. 561; *Western Union Tel. Co. v. Crawford,* 110 Ala. 460. Where no ruling was shown on demurrer, the demurrers presumed to have been withdrawn or abandoned.—*A. M. R. R. Co. v. McDonald,* 112 Ala. 216; *A. M. Co. of S. v. Inzer,* 98 Ala. 608; *Elyton Land Co. v. Morgan,* 88 Ala. 434. Where the judgment entry does not negative joinder in issue upon certain pleas but recites joinder in issue upon other pleas, the recitation of such joinder is not inconsistent with joinder on those pleas not mentioned in the judgment entry.—*Dannelly v. The State,* 130 Ala. 132.

The plaintiff having called the witnesses to testify as to her side of the case and having required the witnesses to so testify, rendered their evidence in reference to the whole contract admissible and brought them squarely within the exception in section 1794 of the Code. —*Thomas v. Thomas,* 42 Ala. 120; *Dudley v. Steele,* 71 Ala. 423; *Bowen v. Bowen,* 17 R. I. 738; *Blair v. Frischkorn,* 151 Pa. St. 466; 29 A. & E. Ency. of Law, (1 Ed.) pp. 748-9. When a party is examined by his adversary as to part of a transaction with a decedent, he may then testify to the rest of it in his own behalf.— *Nichols v. Easterly,* 16 Kan. 32; *Warren v. Adams,* 19 Colo. 513; In re Dunlap's estate, 94 Mich. 17. Under the evidence in this case, the defendants were entitled to the general affirmative charge which cured all errors if there are any.—*Walker v. Dock & Ins. Co.,* 31 Ala. 529; *Dean v. L. & N. R. Co. et al.,* 98 Ala. 586; *Northern Ala. R. Co. v. Mansell,* 138 Ala. 564; 22 Enc. Pl. & Pr. 564, 585, 586.

DENSON, J.—Assumpsit by M. L. E. German, as executrix of the estate of Joseph Verchot, deceased, plaintiff, against Browne & Leeper and Browne & Dryer and the individuals composing the two firms. The only count in the complaint claims of the defendants $2,500 for money had and received by the defendants to the use of the plaintiff on, to-wit, the 3rd day of July, 1900. The

defendants filed eight pleas. The seventh and eighth were disposed of by the court sustaining a demurrer to them. The first three, though differing in form, presented only the general issue. The fourth was a plea of payment, while the fifth and sixth presented set-off and recoupment as a defense. The court gave the affirmative charge, with hypothesis, in favor of the defendants. There was judgment in their favor, and the plaintiff appealed.

There are twelve grounds in the assignment of errors, all of which, except the eighth, relate to the court's rulings on the admissibility of evidence. Joseph Verchot employed the defendants as lawyers to institute and conduct a cause for him as complainant in the chancery court of Shelby county against the Alabama Iron & Steel Company and the American Pig Iron Storage Warrant Company, respondents; the purpose of the suit being to collect a debt of $7,000, besides interest, that was due Verchot by the Alabama Iron & Steel Company and secured by a pledge of 700 tons of pig iron. During the pendency of the chancery suit Verchot died, and the plaintiff qualified as his executrix. The chancery suit was revived in her name as executrix and prosecuted to a successful termination. The suit in the chancery court was stubbornly litigated for six years. At the termination of the suit there was paid to the firm of Browne & Dryer for their client the sum of $8,580.87. Of this sum they paid taxes due on the iron—the subject-matter of the chancery suit—$114.32. They retained $2,125 out of the amount as a fee for their services, and sent the balance, $6,341.53, to Browne & Leeper at Columbiana. The The amount was sent to Browne & Leeper in two checks on the Isbell National Bank at Talladega, in the sums of $3,319.72 and $3,021.83, respectively. The check for $3,021.83 was indorsed by Browne & Leeper to Mrs. German, and she collected it. The check of $3,319.72, was collected by Browne & Leeper. They retained a fee for their services in the chancery suit the sum of $1,825, and paid the balance, $1,444.72, to Mrs. German. Thus the two firms retained of the amount collected for their client the sum of $4,000 as fees, and paid the taxes $114.32, and paid the balance, $4,566 to their client.

The plaintiff, not being satisfied with respect to the amount of fees charged and retained, brought this suit; her contention being that there was no express contract between the defendants and Joseph Verchot as to the amount of compensation for their services rendered in the chancery suit, and in the absence of an express contract fixing the amount the defendants were entitled only to reasonable compensation, and that $4,000 was an unreasonable amount to be retained by them as their compensation. The defendants' contention was that each of their firms had a separate parol contract of employment with Verchot, by which they were, in the event of recovery in the suit by Verchot, to have a reasonable contingent fee, and if there was no recovery they were to receive nothing for their services.

The plaintiff propounded interrogatories to each of the defendants under the statute (section 1850 of the Code of 1896). In the interrogatories was this question: "When and by whom were you employed to conduct a cause in the chancery court of Shelby county against the Alabama Iron & Steel Company, the American Pig Iron Storage Warrant Company, and others?" The defendants Cecil Browne and E. H. Dryer to the question answered substantially that in the summer of 1894 they were employed by Joseph Verchot to institute and conduct a cause in the chancery court in Shelby county against the Alabama Iron & Steel Company, the American Pig Iron Storage Warrant Company, and others for the recovery of certain iron alleged by Verchot to have been fraudulently taken out of his possession, and which was alleged to be in the possession of a receiver of the chancery court of Shelby county. The defendants Browne & Leeper answered that they were employed by Joseph Verchot in May, 1894. These answers on the trial were read in evidence by the plaintiff. The defendants Cecil Browne, W. B. Browne, and J. T. Leeper were introduced as witnesses in their own behalf, and over the objection of the plaintiff that they were incompetent to testify as to any statement by or transaction with Joseph Verchot, now deceased, the court allowed them to testify as to their employment

by Verchot and to the terms of the contract of employment as agreed upon by Verchot and them; in other words, to testify to what was said by and agreed to between Verchot and them with respect to the employment. Section 1794 of the Code of 1896 provides that "no person having a pecuniary interest in the result of a suit shall be allowed to testify against the parties to whom his interest is opposed, as to any transaction with or statement by the deceased person whose estate is interested in the result of the suit or proceeding, * * * unless called on to testify thereto by the parties to whom such interest is opposed, etc.

It is now insisted by the appellees, in justification of the court's ruling, that the plaintiff, by introducing in evidence the answers of the defendants to the interrogatories filed to them, called the defendants to testify, and that they having answered that Verchot employed them entitled them, under the exception in the statute and in accordance with the rule that, where a party proves a part of a transaction by a witness, the adverse party is entitled to have the whole transaction from the witness, to give in evidence the entire transaction with Verchot with respect to their employment by him. The plaintiff was not required to introduce the answers of the witnesses in evidence. She could do so or not as she thought might best conserve the interest of her cause. Her adversaries could not have introduced them without her consent.— Code 1896, § 1854; *Crocker v. Clements*, 23 Ala. 296; *Marx Bros. v. Leinkauff*, 93 Ala. 453, 9 South. 818 She chose to introduce them. We do not hesitate to hold that this was a call within the meaning of the statute by the plaintiff upon the defendants to testify.—*Thomas v. Thomas*, 42 Ala. 120.

The next question is, does the first interrogatory call for, and do the answers thereto involve, a transaction with the deceased. If so, then we cannot withhold our minds from the conclusion that the defendants were entitled to give in evidence the whole transaction or contract after the plaintiff read their answers to the jury. To hold otherwise would be to make the statute in the hands of the plaintiff a sword as well as a shield.—*Causler v. Whar-*

*ton*, 62 Ala. 358, on page 365. We cannot doubt that the plaintiff anticipated that the defendants would in answer to the interrogatory say, as they did, they were employed by Joseph Verchot, the deceased. That he employed them was a material and relevant fact in the case. In *Wood v. Brewer*, 73 Ala. 262, this court said: "What are to be considered transactions with or statements by deceased persons under section 3058 of the Code of 1876 (section 1794 of the Code of 1896) is a question which very frequently comes before us. To come within the former class, it must be some act done by the deceased, or in the doing of which he personally participated. To be within the latter class, there must have been a conversation to which he was a party, in which his statements, replies, or presumed admissions from silence are sought to be introduced in evidence. In each case, to fall within the prohibited line, the transaction or statement must be of such a character, and so connected with the deceased, as that, if living, the presumption would be he could deny, qualify, or explain it."—*Wood v. Brewer*, 73 Ala. 259; *Huckabee v. Nelson*, 54 Ala. 12; *Miller v. Cannon*, 84 Ala. 59, 4 South. 204.

The appellant insists that the interrogatories called for no part of the transaction, no term of the contract, and no part of a conversation, and therefore the defendants should not have been allowed to testify to the terms of the contract as they did. We cannot well conceive how there could be an employment without involving a transaction, and even a conversation. Employment involves a contract—the bringing together of the minds of two or more persons in agreement. It is true the question assumed that the parties were employed, and in form simply asks by whom the employment was perfected. But in effect it called for the fact of employment. It was necessary, as the plaintiff no doubt discovered, to show that the defendants were employed by her testator, and proving it by the defendants, and introducing their answers in evidence, she received all the benefit that could legitimately follow proof of that fact. Notwithstanding the form of the question, we think it and the answers thereto necessarily involve a

transaction with the deceased.—*Tisdale v. Maxwell*, 58
Ala. 40; *Killen v. Lides*, 65 Ala. 505; *Beadle v. Graham*,
66 Ala. 99; S. C., Id. 102; *Morrissett v. Carr*, 118 Ala.
585, 23 South. 795; *Englehart v. Richter*, 136 Ala. 562,
33 South. 939; *Moore v. Williams*, 129 Ala. 329, 29
South. 795. If the plaintiff had on the trial called the
defendants as witnesses and asked them the question
involved here, and they had given answers that they
were employed by the plaintiff's testator, it seems that
the defendants could on cross-examination properly
have testified to the terms of the employment.—*Causler
v. Wharton, supra.* We conclude that the court did not
err in allowing the defendants to testify to the contract
of employment.

The ninth, tenth, eleventh, and twelfth grounds in the
assignment of errors cannot be considered, for the reason
that no exception was reserved to the rulings of the court
presented by those grounds. This leaves only one more
question to be determined: Was the affirmative charge
properly given for the defendants?

With respect to the depositions of W. C. Ward, W. R.
Houghton, A. O. Lane, and W. H. Denson the bill of ex-
ceptions recites as follows: "The plaintiff then offered
to read in evidence the depositions of W. C. Ward, W.
R. Houghton, A. O. Lane, and W. H. Denson, copies of
which are hereto attached, marked "Exhibits I, K, L,
and M.' The defendants moved to exclude those parts
which have parenthesis around them and lines drawn
through and marked on the margin: 'Excluded. Pel-
ham, Judge.' When the defendants so moved to exclude
such parts of said depositions, the plaintiff's attorney ar-
gued against the granting of the motion. The court
granted the motion, and when it was so granted the
plaintiff's attorney said: 'Your honor might as well give
the affirmative charge for the defendants.' The court
replied: 'I do not know what else the depositions con-
tained aside from those parts that have been called to
the attention of the court for ruling.' The plaintiff's at-
torney then replied: 'There is nothing else that would
prevent giving the general charge for the defendants.' "
The bill then recites: "This was substantially all the

evidence in the case. Whereupon the court, at the request of the defendants, gave the jury the following charge: 'If the jury believe the evidence, they must find the issues for the defendants.'" "A bill of exceptions is construed most strongly against the party excepting, and if it will admit of two constructions, one of which will reverse and the other support the judgment, the latter construction will be adopted."—*McGhee v. State,* 52 Ala. 224; 1 Brick. Dig. p. 251, § 123. A reasonable, if not the only fair, construction of the bill of exceptions, is that no part of the depositions was ever read to the jury—ever became evidence in the case; but, when the plantiff offered to read them, the motion to exclude certain portions of them was made and argued, and, having been determined against the plaintiff, the parts not objected to were never read. So we must consider the propriety of the court's action in giving the affirmative charge without regard to the depositions.

The undisputed evidence showed that the contract of employment entered into between the plaintiff's testator and the defendants stipulated for a fee contingent on a termination of the litigation favorable to the testator; that the defendants were, in the event of recovery, to have a reasonable fee for their services, and if nothing was recovered they were to receive no fee. The evidence further without conflict showed that under such a contract of employment a fee of 50 per cent. of the amount recovered would be a reasonable and fair fee. The evidence further without conflict showed that the chancery suit terminated favorably to the complainant (defendants' client), and of the amount collected for their client as the result of such favorable termination the defendants received not quite 50 per cent. as their fee. Under this state of the case, and without considering the application *vel non* of the maxim, *"Consensus tollit errorem,"* the doctrine of splitting of causes of action, or of joint liability of the defendants, all of which have been urged by the appellees in support of the court's action in giving the affirmative charge, we are of the opinion that the court committed no error in giving the charge requested.

[Motlow, *et. al.* v. Johnson.]

There is no error in the record prejudicial to the appellant, and the judgment will be affirmed.

Affirmed.

HARALSON, TYSON, DOWDELL, and SIMPSON, JJ., concur.