# Hunter *v.* Taylor.

### *Bill to Foreclose Mortgage.*

(Decided November 7, 1914. 66 South. 671.)

1. *Appeal and Error; Harmless Error; Pleading.*—If the chancellor erred in overruling a demurrer on the ground that the bill was solely to foreclose a mortgage, the error was harmless where the final decree established the mortgage, and upon the evidence, properly granted relief by foreclosing.

2. *Mortgages; Foreclosure; Rights of Third Party.*—Where a vendor (the complainant here) conveyed to a purchaser, taking notes for the deferred purchase money, and on default executed a conveyance

[Hunter v. Taylor.]

to a third party, and took a mortgage back with covenants of warranty to secure the unpaid purchase money, and the original purchaser conveyed his entire interest to such third person, and extinguished his liability, the third person mortgagor, by this after acquired title from the original purchaser subjected to the mortgage the full legal title to the lands therein described, and the mortgagee's rights were also superior to those of a subsequent grantee of the original purchaser.

3. *Same; Burden of Proof.*—In a bill to foreclose a mortgage the burden of proof relative to additional payment alleged to have been made on the mortgage note was on the mortgagor.

APPEAL from St. Clair Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by J. D. Taylor against W. J. Hunter to foreclose a mortgage. Decree for complainant and respondent appeals. Affirmed.

M. M. SMITH, for appellant.

JAMES A. EMBRY, for appellee.

McCLELLAN, J.—In the chancellor's decree overruling the demurrers to the original bill, he laid the ground of his conclusion by construing the bill as being for the sole purpose of foreclosing a mortgage, and not for the enforcement of a vendor's lien. The averments and prayer of the bill precluded this interpretation; but, since the cause was tried upon the sole theory stated in the decree overruling the demurrer and the final decree established the mortgage theory, it is not possible that any injury to respondents attended the indicated misconception with respect to the alternate theories set forth in the bill and its prayer. The chancellor's conclusion that complainant was entitled to the relief prayed, as upon the bill's object to foreclose a mortgage, was, under the evidence, correct. So it is now affirmed that whatever error attended the ruling on the demurrer was without injury to appellants.

We state these conclusions of fact from the legal evidence set forth in the record.

On the 18th day of March, 1907, J. D. Taylor, the complainant, and his wife, conveyed the land here involved to G. W. Reeves, taking from Reeves, who went into possession under the conveyance, notes for the deferred purchase-money payments. Reeves defaulted in the first payment, and it seems to have been generally accepted that he was and would be unable to satisfy any of the deferred payments. So, on March 30, 1908, by common consent and agreement between Taylor and wife, Lucy A., and William M. Brunley, her husband, and W. J. Hunter, Lucy A. Brunley's brother, it was determined that, if agreeable to C. W. Reeves, Taylor and wife would execute conveyance of the land to Lucy A. Brunley, take a mortgage back to secure the unpaid part of the agreed purchase money, and that Reeves should execute conveyance to Mrs. Brunley so as to place in her the full title to the property. The mortgage here sought to be foreclosed is the instrument made in pursuance of this agreement. While the evidence bearing on the issue is, in large part conflicting, the consideration of all the circumstances surrounding the several parties concerned, in connection with the fair reasonable probabilities suggested by the positive evidence adduced, convinces this court, as it did the learned chancellor, that Reeves, in accordance with the agreement stated and established by the proof, carried out, at the time, his part of the arrangement and conveyed his entire interest in the land to Lucy A. Brunley; thus blending in her the full rights and title theretofore residing in Taylor and Reeves, and extinguishing any liability on Reeves' part to Taylor.

Now the mortgage executed by Lucy A. Brunley and her husband to Taylor bore covenants of warranty; and while, when executed, it did not effect to incumber

the land until (the almost immediately) Reeves executed his conveyance to Mrs. Brunley, yet, when that conveyance from Reeves became effectual, as it did by delivery, the thus after-acquired title served to subject to the mortgage to Taylor the full title to lands described therein.—*Howze v. Dew,* 90 Ala. 178, 183, 7 South. 239, 24 Am. St. Rep. 783; 27 Cyc. pp. 1139, 1140. This result was accomplished long before Reeves executed to Hunter the conveyance of this land on the 2nd day of February, 1910; thus subordinating that effort at conveyance to the mortgage executed March 30, 1908, by the Brunleys to Taylor and establishing Taylor's superior rights under that mortgage.

The burden of proof in respect of additional payments asserted to have been made on the notes to secure which this mortgage was given, was of course, upon the respondents. We do not think the burden assumed was discharged. It must be affirmed.

Affirmed.

SAYRE, DE GRAFFENRIED, and GARDNER, JJ., concur.