8 So.2d 415

### CLECKLER et al. v. DAWSON.

#### 5 Div. 359.

Supreme Court of Alabama.

April 16, 1942.

Rehearing Denied June 11, 1942.

Reynolds & Reynolds, of Clanton, for appellee.

J. B. Atkinson, of Clanton, for appellants.

BOULDIN, Justice.

The present owner of a mortgage upon real estate filed her bill to foreclose. The mortgage was upon lands occupied as a homestead, and purported to be executed by husband and wife, with separate acknowledgment of the wife. Both husband and wife were made parties respondent.

The bill and all pleadings proceeded on the theory that the debt was that of the husband, and the mortgaged property was owned by him. The validity of the mortgage was challenged by answer and cross-bill upon the ground that the certificate of acknowledgment of the wife separate and apart from the husband was false.

█ On appeal from a final decree, sustaining the validity of the mortgage, ascertaining the amount of the mortgage debt, and decreeing a foreclosure unless paid, no issue can be raised on appeal for the first time questioning the validity of the mortgage because given upon the property of the wife to secure the husband's debt. The decree was res adjudicata of such question because the validity of the mortgage was a basic issue in the case, and all questions going to that issue should have been raised, and were concluded between the parties to the suit; but only defenses set up in the pleadings were presented to the court.

█ The mere fact that complainant offered in evidence the record of a deed from husband to wife antedating the original mortgage, of which the instant mortgage was a renewal, raised no issue not within the pleadings. As evidence, it would go only to matters raised by the pleadings. Prowell v. Wilson, 219 Ala. 645, 123 So. 38; Majors et al. v. Killian et al., 230 Ala. 531, 162 So. 289.

█ When the description of the mortgaged property is inaccurate or indefinite merely, it is entirely proper for the court to cause a more certain description to be prepared and incorporated in a decree of foreclosure as an incident to a judicial sale of lands.

█ If there be a misdescription, or a fatally defective description, a reformation of the mortgage in matter of description, in connection with a bill for foreclosure, is proper.

█ Reformation of an instrument requires clear and satisfactory proof of a mutual mistake, or a mistake on the part of complainant and conduct on the part of respondent rendering it inequitable to deny there was a mistake on his part.

█ Where the description in a mortgage is copied from the title deed of the mortgagor, furnished by him for the purpose, and the mortgagor held possession, and occupied specific lands under such title deed, this is satisfactory evidence of an intention to mortgage such parcel of land, less certain lots theretofore sold, and excepted from the mortgage. Testimony of the mortgagor many years later that he did not remember just what lands he intended to go in the mortgage is insufficient to defeat a reformation.

The question of chief concern presented by appellant arises upon the defense of usury. The mortgage sought to be foreclosed was executed in 1934 for $1375; given in renewal of a mortgage for $2,500, executed in 1928. The taint of usury is charged to an alleged bonus, not appearing in the writings, but alleged to have been added to the actual loan of $2,250 or $2,300, as the evidence may be construed.

The mortgagee died in 1937. The bill was filed a year later.

█ The evidence of usury turns mainly on the testimony of the mortgagor touching a parol transaction with the deceased. On taking the testimony before the register, objections were duly interposed to the competency of the mortgagor under Section 7721, Code of 1923, Code 1940, Tit. 7, § 433. Complainant, however, when submitting the case, offered, and entered in the note of testimony, the answers to interrogatories propounded by complainant to the respondent, mortgagor. Certain answers, responsive to interrogatories, deposed to the same alleged usurious transaction. These answers became evidence called for by complainant. This rendered admissible the testimony on the subject taken before the register. German, as Executor v. Brown & Leeper et al., 145 Ala. 364, 39 So. 742.

We, therefore, consider the entire record in passing upon the question of usury.

█ The law penalizes usury with a loss of all interest upon the loan; looks at substance, and deals with any device to cover up such transaction. But the burden is on the mortgagor to prove usury, when not disclosed by the evidence of the mortgagee or his successor in interest.

The evidence is voluminous, discloses loans and transactions before and after the mortgage of 1928, several settlements and renewals. Both parties were active, capable men. No suggestion of usury appears in documents or correspondence or interviews until this suit was filed.

No good purpose would be served by a detailed discussion of the evidence. Upon a careful consideration of the entire record we can not say the evidence meets the burden of proof on the question of usury.

Affirmed.

GARDNER, C. J., FOSTER, and LIVINGSTON, JJ., concur.