18 So.2d 365

### JONES v. JONES.

4 Div. 320.

Supreme Court of Alabama.

May 25, 1944.

Rehearing Denied June 22, 1944.

614

P. B. Traweek, of Elba, for appellant.

J. C. Fleming, of Elba, for appellee.

THOMAS, Justice.

The appellant Clarice Jones filed this suit in equity to enforce and effectuate her exemptions as to homestead and personal property in the estate of her deceased husband. The suit sought relief in the cancellation of a deed to the homestead and an accounting under a mortgage thereon, offering to pay off and redeem the property. It also sought an accounting from the respondent S. T. Jones for the proceeds of two life insurance policies on the life of E. C. Jones, collected after his death.

Appellant's counsel states the evidence as to the indebtedness somewhat as follows: It was about the 5th day of March, 1938, when E. C. Jones assigned to his brother S. T. Jones the other two insurance policies,—the Equitable policy and the New York Life policy, aggregating $6,000 face value. The assignments do not mention any consideration, but it is conceded by all parties concerned that the only consideration for the homestead mortgage and for the assignment of the two insurance policies now involved was the ledger account owing by E. C. Jones to his brother S. T. Jones, and no other consideration is claimed. E. C. Jones then conveyed the small houses and lots to his sons, which he had included in his mortgage to the homestead, so that he owned none of them when he died. On July 5, 1939, a deed was signed by E. C. Jones and wife to S. T. Jones for this homestead property, here involved.

The deed is assailed on the grounds that it was made by mortgagor to mortgagee, without any present valuable consideration, but merely on consideration of the mrtgage debt, and continued a mere mortgage, or security for the indebtedness. That the deed was fraudulent, being by mortgagor to mortgagee, without valuable consideration, and for a mere indebtedness much less than the value of the property and the insurance funds already assigned. That the wife, herself, had an equitable right of redemption in the homestead, and in case the husband failed to redeem it, had a right to redeem it; and that the husband and the grantee colluded and conspired together to deceive her and obtain her signature to the deed for the purpose of injuring her and wrongfully depriving her of her redemption rights in respect to the homestead.

The trial court refused to: (1) cancel the deed and denied appellant relief as to the homestead; (2) ordered an accounting before the register to determine whether S. T. Jones was entitled to interest on the ledger account and whether certain contested items claimed by mortgagee and assignee were just and legal, and whether a balance was still due to S. T. Jones.

On the hearing before the register the appellee and other witnesses testified. The report found all contested items for respondent-appellee and that E. C. Jones, the deceased husband of appellant, still owed appellee a balance of $51.08.

Exceptions were filed to that report. The trial court overruled all exceptions, dismissed the bill and taxed complainant with the costs.

■ It is established by statute and the decisions of this court that the complainant wife cannot testify as to the statements made by her deceased husband that affect his estate and to which she was opposed. Code 1940, Tit. 7, § 433; Loring v. Grum-

616

mon, 176 Ala. 240, 57 So. 819; Goodgame v. Dawson, 242 Ala. 499, 7 So.2d 77.

■ It is further established that when a party introduces interrogatories, he thereby calls the party as a witness under the statute, and the entire transaction can be proven. Code 1940, Tit. 7, § 433; German, Executor, v. Brown & Leeper, 145 Ala. 364, 39 So. 742; Brett v. Dean, 239 Ala. 675, 196 So. 881.

The interrogatories fixed the actual consideration of the deed at $2,000. Submission was had by complainant upon respondent's answers to said statutory interrogatories.

■ The question to whom the credit was given is important. The several accounts of Adamson, Forsyth and Tindol, aggregating about $1,000, were entered on S. T. Jones' ledger to the respective parties. It was sought to be shown, according to the intention of the parties, that this was a debt of E. C. Jones for which he was liable; that the goods were charged to the respective parties receiving them is not conclusive of the question of liability. The several charges were and may be explained and made consistent with the assumption of primary liability. Sansom v. Sturkie, Ala. Sup., 18 So.2d 267[1]; Hogan v. Colley, 227 Ala. 505, 150 So. 501; Boykin & McRae v. Dohlonde & Co., 37 Ala. 577, 583.

■ The trial court has fully and correctly decided the several issues of fact for the appellee-respondent. The purpose of the suit was to give effect to the widow's exemption in her deceased husband's estate, and to that end sought a deed to the homestead given by them to appellant be set aside, and an accounting held and redemption of the homestead from a mortgage be allowed. In this effort the burden of proof is on the mortgagee to show the transaction was fair and that the property was sold for its fair value and the proceeds so credited or applied to mortgagor's indebtedness to mortgagee. Shaw v. Lacy, 199 Ala. 450, 74 So. 933; Johnson v. Maness, 241 Ala. 157, 1 So.2d 655.

■ In such a case the adequacy of the consideration for the conveyance or the lack thereof is of great weight in upholding the release of the right of redemption. The evidence recited by the trial judge is that the consideration expressed in the deed was $2,500, although the grantee testified that this was a mistake, and "the agreed consideration was $2,000.00." Two witnesses testified as to the value of the property. Complainant, and respondent's witness Fuller, who placed the value at $1,500. Complainant as a witness said:

"'I have a judgment as to its value, (the homestead); in my best judgment, it was worth about $2,000.00 at the time of E. C. Jones' death.'"

The trial court held that under the evidence the amount paid for the property was its full value, treating the price as $2,000, and not the amount expressed in the deed; that there was no evidence of fraud, duress or undue influence exerted on complainant and her husband by S. T. Jones; and that "Complainant cannot testify as to statements made to her by her deceased husband, under the very words of the statute. Sec. 433, Title 7, Code. Loring v. Grummon, 176 Ala. 240 [57 So. 819]."

The trial court also found that at the time the deed was executed, the indebtedness to S. T. Jones was about $5,003.76.

The record shows that the respondent had discharged the burden of proof resting on him to show the transaction was fair; that the consideration paid was adequate and free from fraud, oppression or undue influence.

We have carefully examined the record and concur in the finding of fact by the trial court and hold that the deed was properly upheld.

The trial court in its decree recited material facts in which we concur, as follows:

"As to complainant's right to an accounting, as to the proceeds of the two insurance policies on the life of her husband paid to S. T. Jones, she is entitled to any surplus remaining after any indebtedness of her husband is paid, as there is no question but what the policies were assigned as security for a debt. On no other theory could respondent charge against E. C. Jones' account the premiums paid to keep the insurance in force. Complainant, however, will be bound by any admission as to the correctness of the account against him. The testimony shows that E. C. Jones went over his account frequently, inspected the books about once a week and this was done almost up to the time of his death. E. C. Jones had conducted a retail store for many years, and it can be fairly inferred that he had a knowledge of book accounts and was ca-

---

[1] Ante, p. 514.

pable of auditing his own account. I think the proof shows he assented to the correctness of the account, by his silence, and the account had become stated as between him and his creditor. However, some of the charges against him appear to have been made after his death. And the account shows that interest was charged for the years 1939 and 1940 at the rate of 8 per cent, and there is shown no agreement to pay such interest. I find no interest whatever charged on the account until that charged for 1939, shown at the bottom of Sheet No. 61. The book account in the absence of any agreement would bear interest at the legal rate of 6 per cent. The account was charged with $704.82 on Jan. 21, 1939, the amount paid for the Carroll mortgage. While this mortgage provided for interest at 8% per annum, the only stipulation as to interest is the provision reading: 'with interest at 8% per annum.' As this mortgage was transferred in 1939, respondent is entitled to interest at the rate of six per cent only, under the following authorities: Zimmern v. Standard Motor Car Co., 205 Ala. 580 [88 So. 743]; Davis v. Anderson, 224 Ala. 400 [140 So. 423]; De Moville v. Merchants & Farmers Bank, 237 Ala. 347 [186 So. 704]. The mortgage from E. C. Jones to S. T. Jones, dated Jan. 15, 1938, and due Oct. 1, 1938, merely provided for interest from Jan. 1, 1938, so only the legal rate can be charged on this indebtedness. * * *"

■ As to the accounts of Adamson, Tindol and Forsyth, the finding of the court was:

"The account of E. C. Jones, under the name of Jones Cash Store, shows a charge of $901.08, Cecil Adamson account, and $93.23, C. R. Tindol, not showing clearly what year the entry was made. Complainant states in her brief they were made after the death of E. C. Jones, and the record seems to indicate this. The account against E. C. Jones straight, shows that he was charged with Noah Forsyth's account, $64.-41, on Nov. 20, 1940, after Jones' death.

"The account shows a credit to Jones Cash Store on Feb. 8, 1928, of $600.00, Cecil Adamson. This credit also appears in answer to interrogatories propounded to S. T. Jones and noted in complainant's testimony. * * * However, respondent's

testimony is not clear on this subject, though it tends to show that Adamson account was really E. C. Jones' account."

Hence a reference was made to the register as to these items for further consideration.

It appears that E. C. Jones was an experienced bookkeeper and had a full knowledge of the manner and items of his brother's account against him.

It further appears: "* * * that the account against E. C. Jones, under the name of Jones Cash Store, down through Nov. 10, 1939, showing a balance of $5,601.48 due him, was assented to and became a stated account, and must be taken to be correct, except that it should have been credited with $2,000, purchase price of homestead, as of July 5, 1939. It also appears that the total amount paid S. T. Jones from the insurance policies was $5,515.88. * * *."

A reference was therefore ordered, "* * * for the purpose of ascertaining the exact status of any indebtedness due by E. C. Jones to S. T. Jones, and whether or not respondent has any money in his hands as a result of overpayment to him out of which complainant may be entitled to her exemptions; that the account against Jones Cash store, showing a balance of $5,601.48, should be first credited with $2,000, consideration paid for homestead, as of July 5, 1939; that the amount of interest be ascertained on the account, calculated at the rate of 6 per cent per annum."

It was further required by the decree, "that when said reference shall be held as herein directed, the Register shall file her report without undue delay, delivering or mailing a copy thereof to each of the parties, or their solicitors of record; that said report shall lie over ten days for the purpose of filing objections or exceptions thereto; that if no exceptions are filed to said report within said period the Register shall forward the file for further action."

The decree of the circuit court is in all respects supported by the evidence and after careful consideration, we are of opinion that the decree of the circuit court should be, and it is hereby, affirmed.

Affirmed.

GARDNER, C. J., and FOSTER, LIVINGSTON, and STAKELY, JJ., concur.