92 So.2d 319

**Nell McCARY**

v.

**Frank McMORRIS.**

**6 Div. 5.**

Supreme Court of Alabama.

Jan. 17, 1957.

Pritchard, McCall & Jones and Victor H. Smith, Birmingham, for appellee.

Fred Blanton, Birmingham, for appellant.

MERRILL, Justice.

On October 26, 1954, appellant, Nell McCary, filed an ejectment suit against appellee, Frank McMorris, for Lot 12, according to the Nabers Land Company Survey of the 5th Addition to College Park. On March 4, 1955, the suit was removed to equity on application by McMorris where he became complainant and Mrs. McCary respondent.

Appellee's bill alleges that in 1941, Nabers Land Company, a corporation, was in possession of Lot 12; that he entered into an agreement with the Company to

buy Lot 12 for $500 payable in weekly installments of $2; that he paid $10 down and the Company put him in possession of the lot and he had continuously remained in possession and had erected permanent and valuable improvements on the lot; that he paid the entire purchase price before the action in ejectment was commenced, but no conveyance had been made to him. In the alternative, he offered to pay any balance determined to be due. In Par. 5, the bill states:

"Complainant further alleges that all the right, title, interest and claim of the said Respondent hereto was derived and acquired by her from or through said Nabers Land Company subsequent to the execution of said contract for the sale of said lands by said Nabers Land Company to this Complainant and with knowledge or notice of said contract for such sale of said lands to this Complainant by the said Respondent hereto."

Appellee prayed that the court find that he had paid for the lot, that respondent be required to deliver a deed to him and that the ejectment suit be dismissed. He also offered to do equity and to pay any balance which might be ascertained to be due by him.

Respondent's demurrer to the bill was overruled and she answered claiming that a lease sale contract had been entered into but that complainant had defaulted in the payments, not having made any since 1951, and that she, on January 13, 1954, gave complainant notice that she had elected to terminate the lease sale contract. She denied that the complainant had fully paid the contract and averred that he still owed $380 plus taxes due on the property.

The evidence was taken ore tenus and, upon submission of the cause, the trial court found that appellee had a valid contract with Nabers Land Company for the sale of Lot 12 to him, that he had paid the full consideration to the Company before the commencement of the action of eject-

ment; that he was entitled to a conveyance from appellant, which she was ordered to execute, and that the suit at law be dismissed. It is from this decree that appellant appeals.

■ It is urged that the trial court should have sustained the demurrer to the bill on the grounds that the bill showed a lack of necessary parties respondent and for vagueness and indefiniteness. We have held that to be a necessary and indispensable party to a bill in whose absence the court will not proceed to a final decree, one must have a material interest in the issue which will be necessarily affected by the decree before it will be said that the court may not proceed in his absence. Hodge v. Joy, 207 Ala. 198, 92 So. 171.

■ Assuming, without conceding, that the references in the bill to Nabers Land Company would indicate that it should also have been a party respondent, and that the allegations of paragraph 5, quoted supra, did not show fully that appellant had succeeded to all rights and liabilities of the Company respecting Lot 12, any error in overruling these grounds of demurrer was without injury, because the undisputed evidence was that Nabers Land Company, a corporation, had been dissolved by order of court and that court had ordered the receiver and the officers of the corporation to convey to appellant "the entire right, title, claim and interest of Nabers Land Company, Inc., a corporation, subject to outstanding lease sale contracts heretofore duly executed and delivered" to certain lands including Lot 12, here in controversy. See Downer v. First Nat. Bank in Ft. Payne, 231 Ala. 523, 165 So. 758; Turner v. Turner, 261 Ala. 129, 73 So.2d 549; Griffin v. Griffin, 206 Ala. 489, 90 So. 907; Boutwell v. Spurlin Mercantile Co., 203 Ala. 482, 83 So. 481; Hunter v. Taylor, 189 Ala. 104, 66 So. 671. We apply Supreme Court Rule 45, Code 1940, Tit. 7 Appendix, to equity cases and "will not reverse a decree unless in the opinion of the court, after an examination of the entire cause, it should

appear that the error complained of has probably injuriously affected a substantial right." Lightsey **v.** Stone, 255 Ala. 541, 52 So.2d 376, 385.

The other assignments of error raise the point that some of the testimony on which appellee had to rely was inadmissible under the "dead man's statute," T. 7, § 433, Code 1940.

■ Appellee introduced into evidence a passbook showing payments on what he contended was Lot 12 over a period from July, 1941, to January, 1951. Some of the entries were initialed by appellant when she worked for Nabers Land Company prior to 1947, and others were initialed by her former husband who was president of the company until its dissolution. The passbook was admissible as a business entry under T. 7, § 415, Code 1940. Warten v. Black, 195 Ala. 93, 70 So. 758. It is the testimony in connection therewith that **is** strenuously challenged.

The last five entries on the passbook were:
"12/23/50 – 100.00 – WNMc
" 1/ 1/51 – 4.00 – E. Tyson
"Tax paid on Lot 12. Lot 12 paid in full.
"380.00 Due on Lot 1 – 5 Add."

Appellee testified that he had started on the purchase of Lot 1 in the 5th Addition. At the time of the trial, W. N. McCary, the former husband of appellant and president of Nabers Land Company, was dead. Concerning the "paid in full" entry on the passbook, appellee testified that it was made in the office of the company; that Mr. McCary "pitched it over to his secretary and said mark paid in full," and that she did as he had directed. Appellee argues that this testimony is not admissible under the statute. We do not need to decide whether the statement of itself was admissible, because it did become so in this particular case irrespective of its initial competency.

■ The provisions of the statute exclude the living from testifying to any transaction between himself and the dead, in all cases where the effect of the evidence is to diminish the rights of the deceased, or those claiming under him, and where the presumption exists that the dead, if living, could explain, qualify or contradict. Hodges v. Denny, 86 Ala. 226, 5 So. 492. But there is an exception included in the statute. It is provided that a witness cannot testify as to any transaction with or statement by the deceased person "unless called to testify thereto by the party to whom such interest is opposed, or unless, the testimony of such deceased person in relation to such transaction or statement is introduced in evidence by the party whose interest is opposed to that of the witness, or has been taken and is on file in the cause."

■■ The appellant filed interrogatories to appellee in the instant case and the court required them to be answered. Appellant's note of testimony included "answers to interrogatories to complainant." Interrogatory 10 was as follows:

"10(a) Have you ever made a demand on this respondent for a conveyance to Lot 12?

"(b) If so, state when and how?

"(c) If such demand was in writing, attach a copy of such demand to your answers to these interrogatories."

The answer was:

"10. (a) and (b) I asked Mr. William McCary, who was then the manager of the Nabors Land Company, for a deed when Lot 12 was marked paid, and he told me that he would have to have surveyors to come out and run the lines, and that at that time it was hard to get them, but that he would do so as soon as possible and would make me a deed then. This same course was pursued by him with respect to the other purchasers in that subdivision.

"(c) I never made a written demand as I had full confidence in Mr. McCarey and those who succeeded him."

We said in Brett v. Dean, 239 Ala. 675, 196 So. 881, 883:

"If the opposing party makes the incompetent witness his own he waives any objection to the witness because of incompetency. He may then testify as to the whole transaction about which he was examined by the opposing party. Code, § 7721." Now T. 7, § 433.

"So, if answers to interrogatories propounded to the witness under the statute are offered in evidence, this waives any objection to incompetency. German v. Brown & Leeper, 145 Ala. 364, 39 So. 742."

Other cases holding the same are Jones v. Jones, 245 Ala. 613, 18 So.2d 365; Cleckler v. Dawson, 243 Ala. 62, 8 So.2d 415.

The court having seen and heard the witnesses, the presumption will be indulged in its favor, and its finding and decree will not be disturbed unless palpably wrong. There was ample evidence to support the decree rendered. Parkman v. Ludlum, 260 Ala. 235, 69 So.2d 434. The decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.