196 So. 881

## BRETT v. DEAN.

### 5 Div. 326.

Supreme Court of Alabama.

June 20, 1940.

676

J. J. Cockrell, of Talladega, for appellant.

Richard H. Cocke, of Alexander City, for appellee.

BOULDIN, Justice.

Appellant sued appellee on a note and an account. Defendant pleaded the general issue and payment. In support of the claim on account plaintiff offered a pencil memorandum on a piece of paper in the handwriting of her intestate found among his papers after his death. This document appears in full in the report of the case. This memorandum, offered as a whole, was objected to as hearsay, and not admissible as a shop book account, kept in regular course of business. Pending this objection it was disclosed that decedent was engaged in a Naval Stores business, kept a regular set of books in connection with this business; that no entries were on his books touching this transaction; that it was an outside transaction; that the date on which the memorandum, or any of the entries thereof, were made, was unknown.

The trial court, expressing doubt as to its admissibility, admitted it for the present, subject to further consideration.

The defendant, as a witness for himself, was asked: "How many cups did you buy?"

Plaintiff interposed an objection to the competency of the witness, referring to the statute, § 7721, Code of 1923.

The court announced: "If that is the law, I am going to make it work both ways. If the court is going to consider a memorandum such as you have offered here, and I have let it in for the present, then I do not think that under the circumstances under which the statement comes into court here that Mr. Dean should be precluded from testifying as to the amount of the cups he bought. Of course, I understand that as to transactions with a dead man and all like that, but the dead man is speaking in this case if I consider the memorandum you offer, and if he speaks I think Mr. Dean should be permitted to speak too."

The examination proceeded, the witness giving his version of the transaction. Plaintiff again objected. The court then remarked: "Gentlemen, I think I can shorten this proposition. I understand of course, that you have the right to make objections and I am not falling out with you for doing it. But at the same time as a matter of right and justice and fairness, that if you are standing here on a proposition of a memorandum that the court has some doubt about its admissibility but per-

mitted it to come in; now, if you are standing on that and making out your case on that and not permitting Mr. Dean to show his side of the case, I will exclude that paper and we will quit right here."

Plaintiff reserved an exception, and the witness proceeded to testify touching the entire transaction, giving his figures on the amount of the debt and the payments made thereon.

The court, sitting without a jury, rendered judgment for defendant. From the record we take it this finding was on the evidence as a whole.

█ Dealing with the memorandum offered by plaintiff, we are of opinion it was inadmissible. Sharp v. Blanton, 194 Ala. 460, 69 So. 889.

The evidence did not bring it within the rule of book accounts kept in due course of business. Code, § 7701.

Apart from its form as a memorandum of one transaction, it was not shown to have been made as a contemporaneous memorial of the matters there entered. Indeed, the calculation of interest, and entry of balance due more than a year after the transaction, indicate that in part it was not a contemporaneous memorandum. It was offered as a whole. The case of H. H. Hitt Lumber Co. v. McCormack, 13 Ala.App. 453, 68 So. 696, cited by appellant, presented a different state of facts.

█ The testimony of defendant, giving his version of the entire transaction between him and decedent, was clearly inadmissible, unless waived or within some exception to Code, § 7721.

There would seem to be some element of justice in the views of the court to the effect that if book accounts kept by decedent himself are admissible, then the other party should be allowed to give his version of the same matters.

But our statute, § 7721, is limited to cases where the "testimony" of the deceased has been taken in his lifetime, and is offered in evidence, or is on file in the cause. There is a distinct difference between sworn testimony and book accounts, admitted under the doctrine of necessity as the best evidence available. The plaintiff, a party in interest, had testified of her own knowledge to the sale and delivery of the articles.

█ This would open the door to testimony by the defendant only as to matters about which she testified. Qualls v. Monroe County Bank, 229 Ala. 315, 156 So. 846; Bank of Phœnix City v. Taylor, 196 Ala. 665, 72 So. 264.

█ If the opposing party makes the incompetent witness his own he waives any objection to the witness because of incompetency. He may then testify as to the whole transaction about which he was examined by the opposing party. Code, § 7721.

█ So, if answers to interrogatories propounded to the witness under the statute are offered in evidence, this waives any objection to incompetency. German, as Executor, v. Brown & Leeper et al., 145 Ala. 364, 39 So. 742.

█ In this cause, the answers were not offered in evidence as such, but were read to witness on cross-examination for the purpose of disclosing some variance in his statement. This use of such matter for purposes of cross-examination is not a waiver of incompetency. Hill v. Hill et al., 216 Ala. 435, 113 So. 306.

We are of opinion there was error in admitting much of the testimony of defendant.

But the further proceedings after the announcement of the court's views may be taken to acquiesce in a hearing on the whole evidence. The testimony of defendant made out a case for plaintiff. Briefly stated, defendant's evidence, throughout, disclosed a purchase of 27,000 cups at 1½ cents each. By error in calculation, he figured the aggregate $305. Clearly, the true price was $405. This error ran through the entire testimony, and manifestly, was overlooked by the trial court.

Taking defendant's testimony the entire indebtedness in 1931 was as follows: Note $40, cups $405, apron and freight $33.50, total $478.50.

Touching payments his testimony discloses the following: Cash $180; 3 barrels turpentine at $27.50, $82.50; payments in money, 1934 ($28 and $46) $74; check by Arnold, 1936 (paid to administratrix on account) $138.45. Total credits, $474.95. Defendant foots up credits at $468.95.

It thus appears all payments lacked a small balance paying the principal of the debt. Interest was due on the various balances for a total period of some seven years.

The effort of the trial court to get at the justice of the case is full assurance that the judgment would have gone for plaintiff for balance disclosed by defendant's testimony but for error in calculation on the part of defendant.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.