10 So.2d 301

**DEAN v. BRETT.**

5 Div. 151.

Court of Appeals of Alabama.

Oct. 27, 1942.

Richard H. Cocke, of Alexander City, for appellant.

J. J. Cockrell, of Talladega, for appellee.

**BRICKEN, Presiding Judge.**

Appellee, as administratrix of the estate of her husband, brought suit against appellant on a promissory note and on account. The amount claimed in the several counts was $493.55, together with interest.

The cause was heard and determined by the court without a jury and judgment rendered in favor of plaintiff for $315 and costs of the proceedings; from which this appeal was taken.

It is shown by the record that Mrs. Brett, witness for plaintiff, testified that the defendant hauled away from the premises of her deceased husband from 8 to 10 loads of turpentine cups and aprons during the year 1931; that in her best judgment 27,000 or 28,000 cups and aprons were thus hauled away, and that the reasonable market price of said cups and aprons was from $150 to $175 per crop, and that 10,000 cups and aprons made a crop. Also, that she was familiar with turpentine cups and aprons; that her husband was in the turpentine business for 12 years before he died, and that from the 12 years handling, seeing them there, and dealing with them she could form a judgment as to how many it would take to make a crop; that she saw appellant and his men haul the cups away. Further, that a barrel of turpentine was delivered by appellant as a payment and was credited on the note, and that none of the balance had been paid. Plaintiff further testified she did not know what the agreement was between her deceased husband and defendant with reference to the sale of said cups and aprons, other than what was shown by a written memorandum of the transaction kept by her husband upon a sheet of paper of which no other record was made. That she knew the price of these cups and aprons and that she rendered the defendant a statement of the account and that he did not deny it but made a payment thereon; that the payment was $138.45 and that subsequent to this payment she submitted the statement to Dean in person, and over the telephone, and that he did not deny its correctness, but admitted he owed some balance on the account and would make payment near Christmas.

The statement of the account above mentioned was made up from the memorandum she testified was in the handwriting of her husband and was kept by him as the sole memorial of the sale of said cups and aprons. That the memorandum was made the night the cups and aprons were gotten.

The account marked plaintiff's "Exhibit C" was introduced in evidence and defendant excepted. This ruling is made the basis of the first assignment of error.

Plaintiff also introduced in evidence the written memorandum alluded to, marked "Exhibit X." Defendant excepted. This ruling of the court is made the basis of assignment of error 2.

It is the opinion and judgment of this court that the testimony of plaintiff brings the statement of account, and the memorandum referred to, within the rule declared by this court in the case of H. H. Hitt Lumber Co. v. McCormack, 13 Ala. App. 453, 68 So. 696, and hence the ruling of the court in this connection was without error. The same applies to the assignment of error 2.

The trial of this case in the court below was in accord with the decision of the Supreme Court in the case of Brett v. Dean, 239 Ala. 675, 196 So. 881.

Affirmed.