Dr. Naresh Kumar appeals from a judgment entered on a jury verdict, followed by the denial of his motion for judgment not *Page 1084 
withstanding the verdict, or new trial, rendered against him in a wrongful death action initiated by Mrs. Gloria Lewis, who sued individually and as administratrix of the estate of her son Christopher Lewis. Other defendants were Dr. David Hefelfinger, Dr. Carol Mitchell, Dr. Omar Smith, DCH Regional Medical Center, and Capstone Medical Center. Capstone Medical Center was dismissed on the grounds that it is a state agency, and a summary judgment was entered in favor of Dr. Smith. Before trial, Dr. Hefelfinger and Dr. Mitchell entered a pro tanto settlement with the plaintiff. During trial, defendant DCH Regional Medical Center was dismissed, leaving Dr. Kumar as the sole remaining defendant.
Christopher Lewis was born on March 30, 1984. It was soon discovered that he had an enlarged left ureter, an inguinal hernia, and an umbilical hernia. Dr. Smith, a urologist, referred him to Dr. Kumar for surgical repair of the hernias. Dr. Kumar operated on Christopher on June 7, 1984. After surgery Christopher developed a high fever and it was discovered that he had septicemia. At this point, Dr. Hefelfinger began to oversee his pediatric treatment. Dr. Kumar performed exploratory surgery on Christopher on June 9, 1984, during which he discovered that the left ureter was caught in the area he had sutured. In attempting to dislodge the ureter, he inadvertently tore it. Dr. Smith was called in, and he performed more extensive surgery on Christopher. After surgery, Dr. Kumar and Dr. Hefelfinger and his staff attended Christopher, who died the next morning.
On appeal, Dr. Kumar challenges the constitutionality of punitive damages awarded pursuant to the Alabama wrongful death statute and also challenges the trial judge's instruction regarding the Hefelfinger and Mitchell settlement, the disallowance of a challenge for cause, and the trial judge's striking of juror affidavits.
The defendant argues that his due process rights under the United States and Alabama Constitutions were violated by the trial judge's instruction that the jury could award punitive damages against him if it was reasonably satisfied of the truthfulness of the plaintiff's claims. He argues that the "clear and convincing" standard of proof should apply. Defense counsel, however, did not request that the trial judge so instruct the jury, nor did he object to the trial judge's failure to give an instruction on the clear and convincing standard. Because the defendant did not comply with A.R.Civ.P. 51 by objecting to the judge's charge "before the jury retire[d] . . ., stating the matter to which he object[ed] and the grounds of his objection," this issue is not preserved for review. Central Alabama Elec. Co-op. v. Tapley, 546 So.2d 371,375-76 (Ala. 1989).
The defendant next argues that there is a lack of standards governing the awarding of punitive damages in wrongful death actions, and that this lack of standards deprives defendants in such cases of procedural and substantive due process under the United States and Alabama Constitutions. He claims that Alabama Code 1975, § 6-5-391, the wrongful death act pertaining to minors, is unconstitutional in that, he argues, it does not give a defendant fair notice of the conduct that will subject him to punitive damages or fair notice of the amount of punitive damages that may be assessed. The defendant also claims that punitive damages awarded under the Alabama wrongful death act violate the excessive fines clause of the Eighth Amendment of the United States Constitution. This Court has previously rejected these arguments. Central Alabama Elec.Co-op. v. Tapley, supra; United American Ins. Co. v. Brumley,542 So.2d 1231 (Ala. 1989); Industrial Chemical FiberglassCorp. v. Chandler, 547 So.2d 812 (Ala. 1988).
Next, the defendant argues that the trial judge erred in giving the following instruction to the jury:
 "The plaintiff originally made a claim against Dr. Hefelfinger and Dr. Carol Johnson Mitchell and Dr. Kumar, the defendants in this case, for damages growing out of the occurrence made the basis of this suit. The plaintiff in consideration of the sum of two-hundred and twenty-five *Page 1085 
thousand dollars released Dr. Hefelfinger and Dr. Mitchell and reserved her right to proceed against the present defendant, Dr. Kumar.
 "If you're reasonably satisfied from the evidence that the plaintiff is entitled to recover in this case, then at arriving at the amount of damages to be awarded to the plaintiff, you will determine from the evidence the total amount of damages suffered by the plaintiff and then give credit for the amount two-hundred and twenty-five thousand dollars, which the plaintiff has already been paid by Dr. Hefelfinger and Dr. Mitchell, and render a verdict for the plaintiff for the balance remaining if that should be your finding. All of this is for your determination." (R. 435-36.)
The defendant made a timely objection to this charge on the ground that it prejudicially assumed there would be a "balance remaining" if the jury determined that the plaintiff was entitled to recover against him. The defendant argues that the charge should have included qualifying language that only if the jury's assessment of damages exceeded $225,000 should they return a verdict against him. To determine if this instruction was erroneous, we must look to the entirety of the trial court's instructions. Nelms v. Allied Mills Co., 387 So.2d 152
(Ala. 1980). We have examined the entire jury charge and find no prejudice resulting from the phrase challenged. The trial court instructed the jury that it was to determine whether the plaintiff should recover in this case and the amount of any recovery. He instructed the jury that the question of the plaintiff's entitlement to, and the amount of, any recovery was "all . . . for [its] determination." Consequently, there was no prejudicial error in the trial judge's instruction with respect to the amount of recovery.
The defendant claims that the trial judge erred in denying his challenge for cause of juror J.Y. Alexander. This juror attempted to leave the courtroom during defense counsel's voir dire without notifying anyone of his need to do so. Defense counsel challenged Mr. Alexander for cause, claiming that he was unable to be attentive, fair, and observant and lacked respect for the obligations of a juror. The court denied the challenge for cause, and Alexander became a member of the petit jury.
After the opening statements were partially completed, the trial court excused Alexander when it became apparent that his fidgeting was distracting the other jurors. Counsel for both sides consented to trying the case with the remaining eleven jurors. A trial judge is given broad discretion in regard to sustaining or denying a challenge for cause. His decision is therefore "entitled to great weight and will not be interfered with unless clearly erroneous, equivalent to an abuse of discretion." Ex parte Nettles, 435 So.2d 151, 154 (Ala. 1983) (citing Collins v. State, 385 So.2d 993, 1000 (Ala.Cr.App. 1979), reversed on other grounds, 385 So.2d 1005 (Ala. 1980)).
At the time of the challenge for cause, the trial judge denied the challenge because he thought the juror simply had to go to the restroom. We do not find that his denial of the challenge was an abuse of discretion. Moreover, after it became apparent that juror Alexander had a medical problem and was excused by the trial judge, attorneys for both sides consented to proceeding with 11 jurors.
Last, the defendant argues that the trial judge erred in refusing to consider juror affidavits from nine of the eleven jurors indicating that the jury intended to award $625,000 in damages against Dr. Kumar and that the jury understood the instruction to be that the trial judge would deduct the $225,000 settlement from the verdict it returned. The trial judge granted the plaintiff's motion to strike the affidavits on the ground that the affidavits were an attempt to impeach the verdict.
The defendant claims that the affidavits do not serve to impeach the verdict, but, rather, to reveal the actual verdict, and that the written verdict, through mistake, did not correctly express the true verdict. In support of this argument, the defendant cites case law from other states that allows the introduction of juror affidavits *Page 1086 
to show that, because of a mistake, the true verdict was not correctly expressed in writing. Alabama follows the general rule that affidavits of jurors may not be offered to impeach their verdict. General Motors Corp. v. Lucas, 530 So.2d 224
(Ala. 1988). Under A.R.Civ.P. 60(a), a trial court is authorized to amend a jury verdict with respect to matters of form or clerical error. This authority does not apply to substantive matters decided by the jury. Great Atl. Pac. TeaCo. v. Sealy, 374 So.2d 877 (Ala. 1979). In Sealy, as in this case, a party attempted to introduce a juror affidavit stating that the jury thought the trial court would reduce the verdict they returned by the amount of a pro tanto settlement. This Court held that a reduction of the verdict was a substantive matter and that the affidavit could not be received to impeach the verdict. Thus, the trial judge in this case correctly granted the motion to strike the affidavits.
For the reasons stated above, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and JONES and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.