Julius A. Moseley appeals from a judgment rendered on a jury verdict in favor of the plaintiff, Lewis Brackin, a partnership, in an action to recover legal fees. Moseley contends that the trial judge made a number of erroneous rulings regarding the introduction of evidence and testimony and erred by failing to align Lewis Brackin with a third-party defendant for the purpose of allocating jury strikes.
In 1981 Moseley became a partner in Southern Distilleries ("Southern"). Lewis Brackin, a law firm in Dothan that had represented Moseley in other matters before he became a partner in Southern, performed legal work for Southern after Moseley became a partner. Lewis Brackin sent bills for its services to two of Southern's partners, John Davis and Charles Moulthrop. It also sent copies of those bills to Moseley. In October 1984, Lewis Brackin began sending Moseley originals of its bills. At least some of those bills were not paid, and by October 1985, Southern owed Lewis Brackin a balance of $56,062.71.
Lewis Brackin was apparently unable to collect those fees from Southern and, in October 1985, it filed a complaint against Moseley for the balance due. In his answer, Moseley alleged that he had entered *Page 1299 
into an oral agreement with Roy Lewis, a partner at Lewis 
Brackin, wherein Lewis Brackin agreed to hold Davis and Moulthrop responsible for all of Southern's debts for legal services performed by Lewis Brackin.[1] Moseley also filed a motion to add Davis and Moulthrop as third-party defendants. That motion was granted. However, Davis later filed a suggestion of bankruptcy and, as a result, was dismissed from the action. At the conclusion of the trial, the jury returned a verdict in favor of Lewis Brackin and against Moseley, assessing damages at $71,407. The jury also returned a verdict in Moseley's favor on his third-party complaint against Moulthrop, assessing damages at $52,733.81. Moseley then moved for a judgment notwithstanding the verdict, or in the alternative, a new trial. His motion was denied and he appeals.
Moseley's first argument is that the court erred by excluding testimony regarding the alleged oral agreement he had with Roy Lewis concerning the individual partners' liability for legal fees. The court held that because Lewis had died before trial, testimony regarding Moseley's alleged conversation with him would violate Ala. Code 1975, § 12-21-163, the so-called "Dead Man's Statute":
 "In civil actions and proceedings, there must be no exclusion of any witness because he is a party or interested in the issue tried, except that no person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the action or proceeding or when such deceased person, at the time of such transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto by the party to whom such interest is opposed or unless the testimony of such deceased person in relation to such transaction or statement is introduced in evidence by the party whose interest is opposed to that of the witness or has been taken and is on file in the case. No person who is an incompetent witness under this action shall make himself competent by transferring his interest to another."
(Emphasis added.)
Moseley contends that there was no evidence that showed that Lewis's estate would be affected by the testimony he attempted to offer and, therefore, he argues, § 12-21-163 had no application. We do not agree. This Court has held that the Dead Man's Statute operates to exclude testimony regarding statements by deceased officers of defendant business entities.Richter v. Central Bank of Alabama, N.A., 451 So.2d 239
(Ala. 1984); Scott v. Southern Coach Body Co., 280 Ala. 670,197 So.2d 775 (1967). In addition, this Court has recognized that the very language of the Dead Man's Statute requires the exclusion of testimony regarding an officer or representative's statements if that officer is now deceased and was acting in his representative capacity at the time the alleged statement was made, notwithstanding the fact that the officer's estate will not be affected by the suit:
 "[T]he statute . . . makes such testimony incompetent, though the estate of the deceased person is not interested in the result of the suit, if he acted in a representative or fiduciary relation to the party against whom such testimony is offered."
Busby v. Truswal Systems Corp., [Ms. 89-1504, June 7, 1991] (Ala. 1991); Benson Co. v. Foreman, 241 Ala. 193, 195,1 So.2d 898, 899 (1941) (construing Ala. Code 1923, § 7721, a predecessor to § 12-21-163). Because Lewis was acting in his capacity as a partner in Lewis Brackin when the alleged statement was made, Moseley's testimony was properly excluded. *Page 1300 
Moseley also argues that if his testimony regarding Lewis's alleged statement falls within the ambit of § 12-21-163, Lewis Brackin waived any objection to that testimony when it introduced business records that contained handwritten notes by Lewis. Moseley argues, in essence, that Lewis was allowed to "speak" through the introduction of those records, thus opening the door for his testimony.
That argument ignores the distinction between unsworn statements, such as the notes on Lewis's business records, and sworn testimony or statements. According to the language of the Dead Man's Statute, the introduction of "testimony" by the deceased person will open the door to further testimony regarding his statements. "Testimony," for the purposes of that exception, includes affidavits, depositions, and answers to interrogatories by the deceased person. Friar v. McCrary,578 So.2d 1249, 1250 (Ala. 1991); Lavett v. Lavett, 414 So.2d 907,911 (Ala. 1982), overruled on other grounds, McBride v. McBride,548 So.2d 155 (Ala. 1989). In a factually similar case, Brett v.Dean, 239 Ala. 675, 196 So. 881 (1940), this Court noted that there is "a distinct difference between sworn testimony and book accounts," and held that the introduction of the deceased's business records did not open the door to testimony regarding his statements. 239 Ala. at 677, 196 So. at 883. We see no error in the court's ruling on this issue.
Moseley also argues that the court erred by not allowing him to introduce evidence that concerned other matters that Lewis Brackin had handled for him and an affidavit drafted by Lewis Brackin for the third-party defendant, Charles Moulthrop.
Rulings on the materiality, relevancy, and remoteness of evidence are matters resting within the discretion of the trial court. Such rulings will not be disturbed by this Court unless there is a showing that the court's ruling was a gross abuse of its discretion. AmSouth Bank, N.A. v. Spigener, 505 So.2d 1030
(Ala. 1986); Russellville Flower Craft, Inc. v. Searcy,452 So.2d 478 (Ala. 1984).
Moseley attempted to offer exhibits and testimony regarding the payment of bills that Lewis Brackin sent him for services in matters unrelated to Southern. He contended that those exhibits and testimony were relevant because they would show a course of conduct between him and Lewis Brackin. Lewis 
Brackin objected, arguing that the evidence and testimony were not relevant. The trial court sustained the objection.
We see no error in the court's ruling. The relevancy of exhibits and testimony are best determined by the trial judge, and Moseley has not demonstrated that the judge abused his discretion by sustaining the objection. Spigener, supra. In addition, we note that Moseley was allowed to present some testimony on these matters, and elicited further testimony regarding them during his cross-examination of Lewis 
Brackin's bookkeeper. Therefore, any potential error occasioned by the court's ruling was harmless. Snow v. Boykin,432 So.2d 1210 (Ala. 1983); Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716
(1967); Rule 45, Ala.R.App.P.
Moseley also attempted to introduce an affidavit that had been drafted by Lewis Brackin for the third-party defendant, Charles Moulthrop.[2] It appears that Moulthrop's affidavit was prepared by Lewis Brackin for its defense of a legal malpractice claim filed against it by Moseley. Moseley contends that the affidavit was relevant because, he argues, it explained Lewis Brackin's "motive" for holding him liable for the services it had rendered to Southern.
We conclude that the affidavit was properly excluded. As a general rule, affidavits can be used for impeachment purposes but cannot be admitted as substantive evidence, because they are hearsay. *Page 1301 Pickering v. Townsend, 118 Ala. 351, 23 So. 703 (1898); 6Wigmore on Evidence § 1709, at 74 (Chadbourn rev. 1974). Moseley has not directed this Court's attention to any pertinent exception to that general rule or to any legal authority to support his argument that the affidavit should have been admitted. As a result, we find no abuse of discretion by the trial court.
Finally, Moseley argues that the judge improperly allocated jury strikes among the parties. It appears that Moseley asked the judge to align Lewis Brackin and Moulthrop as a single party for this purpose, which would have given Moseley one-half of the strikes. The judge refused, stating that he could not "align the parties in any fashion in this suit." He then allocated one-half of the jury strikes to Lewis Brackin, pursuant to Rule 47(c), Ala.R.Civ.P., which mandates that "in all events, the plaintiff shall be entitled to one-half of the total number of strikes allocated to all parties." The remaining jury strikes were divided evenly between Moseley and Moulthrop.
We agree with the trial judge's implicit finding that none of the parties in this case had sufficiently "similar interests" to allow them to be aligned as a single party. Rule 47(c). Because Rule 47(c) unambiguously requires that the plaintiff, in this case Lewis Brackin, receive one-half of all strikes, the judge's ruling was appropriate.
For the reasons set out above, the judgment of the trial court is affirmed.
AFFIRMED.
ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Because of the nature of the issues raised, we make no comment on the possible enforceability of any such agreement.
[2] That affidavit is not in the record on appeal and this Court has not been apprised of its contents.