The defendant, Clarke-Mobile Counties Gas District, a corporation ("Clarke Gas"), appeals from the denial of its motion for a *Page 369 
new trial, or, alternatively, to alter, amend, or vacate a judgment in favor of the plaintiffs, Brian K. Reeves and Dixie C. Reeves.
The Reeveses had sued Clarke Gas, alleging that without their permission, Clarke Gas employees had buried a gas line on their property and had damaged their property in the process. According to Clarke Gas, it had intended that its employees place the gas line within a Clarke Gas right-of-way adjoining the Reeves property.
The Reeveses sued, alleging an intentional trespass to their property and requesting both compensatory and punitive damages. The trial court, without objection, instructed the jury in terms of an undesignated award. The jury awarded the Reeveses $256,150 in unspecified damages.
At the outset, we note that because the jury did not apportion its award we cannot determine what the award represented. This is a critical problem in addressing Clarke Gas's argument that the jury awarded excessive punitive damages. We cannot reasonably determine that the jury, in fact, awarded any punitive damages.
In City Realty, Inc. v. Continental Casualty Co.,623 So.2d 1039 (Ala. 1993), we recently held that we could not review an allegation that the jury's damages award was excessive where the award could have been either appropriate or excessive (depending on how the jury had apportioned damages), and where, without objection, the trial court had instructed the jury in terms of an undesignated award.
In that case, as here, the parties had not sought the trial court's adherence to Alabama Code 1975, § 6-11-1, which provides:
 "In any civil action based upon tort . . ., except actions for wrongful death . . ., the damages assessed by the factfinder shall be itemized as follows:
"(1) Past damages
"(2) Future damages
"(3) Punitive damages"[1]
In this case, we do not reach the question whether the defendant's failure to seek an itemized award under § 6-11-1
prevents us from reviewing the damages issue, because the judgment in this case must be reversed for another reason.
Clarke Gas sought a new trial based on a juror's affidavit stating that after the jury had retired to deliberate, another juror had stated to all the jurors that Clarke Gas had once trespassed on her son's property and had "messed it up."
At trial, the Reeveses had portrayed Clarke Gas as having demonstrated an intentional disregard for their rights as property owners, while Clarke Gas portrayed the Reeves incident as an honest mistake. The juror who testified stated that the other juror's statement about how Clarke Gas had purportedly handled another situation figured into her consideration of the case and affected her decision in returning the verdict against Clarke Gas.
We have stated that "this Court will affirm a trial court's denial of a motion for a new trial if the trial court could have reasonably found that the introduction of the extraneous matter into the jury's deliberations was not prejudicial."Fulton v. Callahan, 621 So.2d 1235 (Ala. 1993). Based on the juror's undisputed testimony that the statement about Clarke Gas affected her decision, the only reasonable inference to be drawn about prejudice is that the extraneous statement was prejudicial.
However, the Reeveses argue here, as they did before the trial court, that the affidavit testimony was not related to "extraneous facts" and, therefore, cannot impeach the jury's verdict. Based on this reasoning, the Reeveses sought, unsuccessfully, to have the affidavit stricken in the trial court.
Generally, the testimony of jurors will not be admitted for the purpose of impeaching their own verdict, except where the testimony "tends to show extraneous facts that have influenced the jury's deliberations and the resulting verdict." Alabama Power Co. v. Turner, 575 So.2d 551, 556-57
(Ala. 1991); see C. Gamble, McElroy's Alabama *Page 370 Evidence, § 94.06 (4th ed. 1991). In Turner, 575 So.2d at 557, we stated that facts concerning " 'the debates and discussions of the case by the jury while deliberating thereon,' " do not fall within the "extraneous facts" exception. (Citation omitted.) Commonly, statements falling within the "extraneous facts" exception — statements that influence the deliberations and the verdict but do not concern the "debates and discussions of the case" during deliberations — "are made to the jury by someone not on the jury." Id. This is, however, not always the case. See, e.g., Hallmark v. Allison, 451 So.2d 270 (Ala. 1984). Here, although the statement in question came from a juror, it nonetheless fits within the "extraneous facts" exception. The juror stated, inter alia, that after the jury had retired to deliberate, the second juror "advised me and the other jurors that Clarke-Mobile Counties Gas District had gone across her son's land and messed it up and did not ask permission. This statement . . . was taken into account by me and influenced my decision in the case." R. 91. This testimony clearly relates to an extraneous matter that influenced the deliberations and the verdict in this case. Accordingly, we reverse the judgment and remand this case for a new trial.
REVERSED AND REMANDED.
SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX, HOUSTON, STEAGALL and INGRAM, JJ., concur in the result.
[1] An unrelated portion of § 6-11-1 has been declared unconstitutional. See Clark v. Container Corp. of America,589 So.2d 184, 198 (Ala. 1991).