THIGPEN, Judge.
This ease involves the denial of a post-judgment motion after a jury trial upon an action for breach of contract. At issue in this case is whether the trial court erred when it denied a post-judgment motion which is predicated upon an admitted error made by the jury in filling out a verdict form. The judgment results in damages being awarded by the trial court in a manner that is inconsistent with the jury’s intention. Reamer Building and Development Corporation and its president, John G. Reamer (Reamer), appealed after the trial court struck sworn affidavits by the jurors attesting to their error and refused to amend its judgment. This case was transferred to this Court by the Alabama Supreme Court, pursuant to Ala.Code 1975, § 12-2-7.
In April 1990, Reamer contracted with Richard and Carol Jean Hogan (the Hogans) to construct a single-family residence for the sum of $300,000. The contract provided that construction was to be completed and the house ready for occupancy within 120 days after the concrete basement slab and footings *146 were poured. The concrete was poured on June 5, 1990, and the home was contracted to be completed on October 3, 1990; however, various problems and delays arose during construction, and the Hogans were unable to move into the home until December 20, 1990. The Hogans were not satisfied with the home, and in January 1991, they gave Reamer a list of items to be repaired or completed. The Hogans terminated the contract for nonperformance on April 26, 1991, after Reamer allegedly failed to complete this list of repairs.
On June 17, 1991, Reamer sued to foreclose a materialman’s lien against the Hogans. The Hogans answered and counterclaimed for damages based on breach of contract and fraudulent misrepresentation. Reamer later amended its complaint to include a claim against the Hogans alleging breach of the contract. John Reamer testified at trial that he was seeking $50,000 in damages, including attorney fees.
Richard Hogan testified that the Hogans were seeking the following: $52,415 in damages to cure the defects; $64,000 as the difference between the fair market value of the house as completed versus the fair market value of the house as it should have been completed; unspecified damages for mental anguish; and $11,000 in reimbursement for items paid by the Hogans.
Hogan listed the house for sale in October 1991, and it sold in April 1993 for the sum of $329,000. Richard Hogan further testified that the net proceeds from this sale were $51,000, and that amount was placed in an interest-bearing escrow account pending the outcome of this case.
On May 10, 1993, the case went to trial before a jury; however, the court declared a mistrial the next day, after one juror failed to report. The case again went to trial on December 6, 1993. The trial court noted that the jury submitted a written question regarding one of the verdict forms, which stated: “On Form #4, clarify Paragraph 3, ‘net amount.’ ” The trial judge further stated that it answered the question in writing as follows: “Net amount means that the smaller verdict is to be subtracted from the larger verdict, and the difference is the net amount.” The foreman of the jury then submitted a verdict form stating, “I think we worded it the best we can, because we’re not professional jurors.” This form read as follows:
“JURY VERDICT FORM # 4
“We, the Jury, find in favor of the plaintiff Reamer Building and Development Corporation and against the defendants Richard A. Hogan and Carol Hogan on the plaintiffs claim and assess the plaintiffs damages at Sixteen thousand dollars ($16,000.00).
‘We, the Jury, also find in favor of the defendants Richard A. Hogan and Carol Hogan and against the plaintiff Reamer Building and Development Corporation on the defendants’ counterclaim and assess the defendants’ damages at Thirty-five thousand dollars ($35,000.00).
“It is our intention, after offsetting the aforesaid verdicts, to assess a net amount of total damages to the defendants at Thirty five thousand dollars ($1935,000.00).”
It is noteworthy that the form contained a strikeout over the number “19” before 35,-000.00 was written in the space. This verdict form was rejected by the trial court as inconsistent.
The trial judge explained the form again to the jury, stating in regard to the thud paragraph:
“Then you subtract — You should subtract those two [sums in the first two paragraphs], and the one with the larger amount would have their name in the last paragraph. And the difference in those amounts would be that.
“Now, I don’t know if that’s understandable or not. Do you have a question with that explanation? This last paragraph is supposed to be a subtraction of whatever the verdicts are, and a difference, that difference would be in the last paragraph, and whoever has the larger amount.”
The jury was then given a new form, which it returned later, that read as follows:
*147 “JURY VERDICT FORM # 4
“We, the Jury, find in favor of the plaintiff Reamer Building and Development Corporation and against the defendants Richard A. Hogan and Carol Hogan on the plaintiff’s claim and assess the plaintiffs damages at Sixteen thousand dollars ($16,000.00).
‘We, the Jury, also find in favor of the defendants Richard A. Hogan and Carol Hogan and against the plaintiff Reamer Building and Development Corporation on the defendants’ counterclaim and assess the defendants’ damages at Fifty-one thousand dollars ($51,000.00).
“It is our intention, after offsetting the aforesaid verdicts, to assess a net amount of total damages to the defendant at Thirty-five thousand dollars ($35,000.00).”
This verdict was accepted by the trial court and each juror was individually polled and affirmed that the verdict was correct. The trial court then entered a judgment consistent with the verdict.
After the judgment was entered, one of the jurors sent a letter to the trial judge dated December 11, 1993, which, in pertinent part, reads as follows:
“I served on the jury in the case of Reamer Building and Development Corporation vs. Richard A. and Carol Hogan during the week of December 6-10,1993.
“On the afternoon of December 10th, the jury gave a unanimous verdict. But after we were dismissed, the lawyer for [Reamer] told us (3 of the jurors) what our verdict had really awarded. We had asked the bailiff for help because we did not really understand the forms we had to use to record our verdict. He indicated to us that he could not help.
“Judge Head, the jury wanted to be fair to both parties in this case. We felt that there was not enough evidence on either side to award the money each were asking for. We decided that the $51,000.00 that was set aside in the escrow account should be split between them.... [The juror then discusses the reasoning behind each sum of money awarded to the parties.] So in essence we wanted to award the plaintiff, Reamer Building Corporation, the amount of $16,000.00. The balance of the $51,000.00, the amount of $35,000.00, was to be awarded to the defendants, Richard A. and Carol Hogan. We thought the verdict form #4 accomplished our above stated decision.
“Judge Head, I am very upset about this verdict that we have ultimately given. Because of our misunderstanding of the verdict forms, we have really given the wrong verdict. Is there anything that I or any of my fellow jurors can do to correct this mistake?”
This letter, along with the juror’s sworn affidavit and the sworn affidavits of seven other jurors as to its truthfulness, as well as the affidavit of one of Reamer’s attorneys, was included to support Reamer’s post-judgment motion. The Hogans filed a motion to strike the affidavits of the jurors and the ex parte letter to the trial judge. After a hearing on the matter, the trial court granted the Hogans’ motion to strike the affidavits and denied Reamer’s post-judgment motions. Reamer appealed to our Supreme Court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7.
On appeal, Reamer contends that the dis-positive issues in this case are whether the trial court erred in striking the juror affidavits and whether it abused its discretion in denying Reamer’s post-judgment motions. The post-judgment motions were brought under the provisions set forth in Rules 60(a), 60(b), and 59, A.R.Civ.P.
Rule 60(a), A.R.Civ.P., allows for the correction of clerical mistakes in judgments, orders, or the record. Reamer argues that the jury’s confusion regarding the verdict form supports his contention that the jury made a clerical error in filling out the form, which could have been corrected by the trial court under Rule 60(a). Reamer correctly notes that the term “clerical error” is not limited solely to transcription errors by the clerk, but can also include “errors by others, such as a jury foreman, counsel, a party, or the judge himself.” Continental Oil Co. v. Williams, 370 So.2d 953, 954 (Ala.1979).
*148 Rule 60(a), allows a trial court to correct a judgment on “its own initiative or on the motion of any party.” Furthermore, the “rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documents — a mistake mechanical in nature which does not involve a legal decision or judgment.” Michael v. Michael, 454 So.2d 1035, 1037 (Ala.Civ.App.1984). A' motion pursuant to this rule “cannot be used to modify or enlarge a judgment or to make the judgment say something other than what was originally pronounced.” Michael, 454 So.2d at 1037. Additionally, the post-judgment right allowed by Rule 60(a) does not authorize the rendition of a different judgment. Mayer v. Mayer, 491 So.2d 249 (Ala.Civ.App.1986). Under the facts of this case, any “correction” by the trial court of the jury’s verdict here pursuant to Rule 60(a) entails the entry of a different judgment, and, as noted in Continental Oil Co., 370 So.2d 953, corrections involving an exercise of judicial discretion or a judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60(a), and should properly be effected under Rule 59(e) or Rule 60(b). Therefore, the trial court properly denied Reamer’s post-judgment motion insofar as it was brought under the purview of Rule 60(a), A.R.Civ.P.
Rule 60(b) states, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.”
The trial court is allowed to order a new trial “for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of Alabama.” Rule 59(a)(1), A.R.Civ.P. Because the grant or denial of Reamer’s post-judgment motions rested upon the admissibility of the juror affidavits, any consideration regarding whether the trial court erred in denying Reamer’s post-judgment motions under these rules must hinge upon whether the juror affidavits were correctly stricken by the trial court.
Reamer contends that the trial court erred in striking the affidavits of the jurors, citing numerous federal cases wherein, courts admitted juror affidavits to correct errors made by the jury in rendering its verdict. See, e.g., McCullough v. Consolidated Rail Corp., 937 F.2d 1167 (6th Cir.1991); United States v. Dotson, 817 F.2d 1127 (5th Cir.1987); and Fox v. United States, 417 F.2d 84 (5th Cir. 1969).
The law in Alabama is clear that, as a general proposition, neither the “testimony nor affidavits of jurors are admissible to impeach their verdicts; however, such evidence is admissible to sustain them.” Alabama Power Co. v. Brooks, 479 So.2d 1169, 1178 (Ala.1985). An exception “exists when an affidavit tends to show extraneous facts that have influenced the jury’s deliberations and the resulting verdict.” Alabama Power Co. v. Turner, 575 So.2d 551, 557 (Ala.1991), cert. denied, 500 U.S. 953, 111 S.Ct. 2260,114 L.Ed.2d 713 (1991). Our Supreme Court has discussed what constitutes “extraneous facts” as follows:
“[F]acts concerning ““the debates and discussions of the case by the jury while deliberating thereon,’ ” ’ do not fall within the ‘extraneous facts’ exception. (Citation omitted.) Commonly, statements falling .within the ‘extraneous facts’ exception— statements that influence the deliberations and the verdict but do not concern the ‘debates and discussions of the ease’ during deliberations — ‘“are made to the jury by someone not on the jury.” ’ ... This is, however, not always the case.”
Clarke-Mobile Counties Gas District v. Reeves, 628 So.2d 368, 370 (Ala.1993). (Citations omitted.) In Clarke-Mobile, our Supreme Court held that testimony in regard to one juror’s remark to the other jurors during deliberations, concerning her son’s experience with the corporate defendant, fit the definition of “extraneous facts” and could be admitted to impeach the verdict.
Additionally, our Supreme Court has held that the “mere fact that the jury was confused regarding the proper form that the verdict should take is not grounds for admit *149 ting an affidavit regarding the content of jury deliberations” under the “extraneous facts” exception. General Motors Corp. v. Lucas, 530 So.2d 224, 227 (Ala.1988). In Lucas, to impeach a verdict, the appellant submitted affidavits from jurors stating that they thought that they had awarded twice as much money to the appellant as had actually been awarded. The appellant argued that under Rule 60(a), A.R.Civ.P., a clerical mistake had been made and should be corrected. The trial court allowed the jury to deliberate again three days later and to double the amount awarded. Our Supreme Court reversed on “procedural irregularities” and instructed the trial court to reinstate the original verdict; our Supreme Court found no extraneous fact present to warrant the admission of an affidavit in impeaching the verdict. General Motors Corp. v. Lucas, 530 So.2d at 227.
In another case, an appellant submitted affidavits from 9 of 11 jurors, which stated that the jury’s award was based upon an expectation that the trial judge would reduce the award by the amount of an earlier pro tanto settlement. Kumar v. Lewis, 561 So.2d 1082 (Ala.1990). The defendant in Lucas, like Reamer, in this case, claimed that the affidavits did not serve to impeach the verdict, but rather revealed the actual verdict, and that the written verdict, through mistake, did not correctly express the true verdict. Kumar, 561 So.2d 1082. Our Supreme Court affirmed the trial judge’s refusal to admit the affidavits, stating:
“Under A.R.Civ.P. 60(a), a trial court is authorized to amend a jury verdict with respect to matters of form or clerical error. This authority does not extend to substantive matters decided by the jury. Great Atl. & Pac. Tea Co. v. Sealy, 374 So.2d 877 (Ala.1979).”
Kumar, 561 So.2d at 1086.
Because the affidavits at issue in this case detailed, in 'part, the method of the jury’s deliberation, the affidavits, in part, concern the substantive process by which the jury reached its verdict. Consequently, they were properly stricken as inadmissible for the purpose of impeaching the jury’s verdict.
Because the juror affidavits were properly stricken, this court must now examine the trial court’s denial of Reamer’s post-judgment motions. Whether to grant or deny a motion for a new trial is within the discretion of the trial court; the ruling in that question carries a presumption of correctness, and “it will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in error.” Gold Kist, Inc. v. Tedder, 580 So.2d 1321, 1322 (Ala.1991). After reviewing the record, we find no plain and palpable error. This result is seemingly harsh; however, under the current state of the law in Alabama, we are bound to affirm. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.