WELCH, Judge,
dissenting.
The main opinion concludes that the trial court did not err when it denied Sylvia Ross’s motion for a new trial, after determining that the extraneous information — a juror’s unverified statement that Towanda Taite, Ross’s codefendant, had been imprisoned previously — that was introduced during the jury’s deliberations did not affect the jury’s verdict in Ross’s case. I disagree. The charges against Ross and Taite were based on the same alleged criminal conduct. The record reflects that the cases against Ross and Taite were considered together before, during, and even after trial. Significantly, the trial court, at the hearing on the postjudgment motions filed by Ross and Taite questioned jurors about the introduction of the extraneous information and its effect on the verdicts without distinguishing between the two codefendants. Based on the unique facts of this case, I am convinced that the extraneous information the jury was exposed to about Taite did affect its deliberations concerning the verdict against Ross. Because I believe that the trial court abused its discretion when it denied Ross’s motion for a new trial, I respectfully dissent.
As the main opinion notes, this Court recently released an opinion reversing the judgment against Taite. Taite v. State, [Ms. CR-07-2246, November 13, 2009] — So.Bd - (Ala.Crim.App.2009). This Court determined in Taite that extraneous information introduced during the jury’s deliberations of the cases against Ross and Taite resulted in presumptive prejudice and actual prejudice to Taite. For the same reasons set forth in the opinion in Taite, I believe that the introduction of extraneous evidence during the jury’s deliberations resulted in actual prejudice to Ross.
“Generally, under Alabama law, juror misconduct involving the introduction of extraneous materials warrants a new trial when one of two requirements is met: 1) the jury verdict is shown to have been actually prejudiced by the extraneous material; or 2) the extraneous material is of such a nature as to constitute prej *114 udice as a matter of law. Knight v. State, 710 So.2d 511, 517 (Ala.Crim.App. 1997).”
Ex parte Apicella, 809 So.2d 865, 870 (Ala. 2001).
The main opinion implicitly acknowledges that the juror’s extraneous statement about Taite’s alleged prior conviction affected the verdict against Ross. The main opinion states, “Juror S.A. said that the statement was made near the time the jurors voted and that it did affect her verdict.” 41 So.3d at 109 (emphasis added). The record supports that statement. S.A. testified at the hearing on the motions for a new trial that she was going to vote to acquit the defendants until another juror stated that Taite had a prior felony conviction. Thereafter, S.A. voted to convict both defendants, demonstrating, without question, that the extraneous evidence about Taite influenced the deliberations and the verdict in Ross’s case as well. The only reasonable conclusion is that the jury would not have convicted Ross if it had not received the extraneous information about Taite. The record contains additional support for a determination that the extraneous, prejudicial information about Taite’s alleged prior conviction affected the verdict against Ross. Juror N.F. testified that, before verdicts had been reached, Juror F.G. had stated that Taite had been to prison and that she needed to go back. N.F. further testified:
“We were getting ready to reach the verdict and we wanted to do — [Juror R.M.] asked could we do Sylvia Ross[’s] case first because we didn’t have no evidence on Towanda Taite. And that’s when [F.G.] said how could we do her case first when both them did the crime together. And she said we let them get off, they going to get they job back. Then she said she already been in prison and she needs to go back.”
(R. 215.) Additionally, several jurors testified at the post-trial hearing that the jurors were told by the jury foreman that if one defendant was found guilty, then both defendants had to be found guilty. Although the main opinion concludes that Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1 (Ala.2007), precludes consideration of the evidence from the jurors regarding the statement by the jury foreman, 41 So.3d at 110 n. 5, I believe that the main opinion reads that case too broadly. The Alabama Supreme Court in Jimmy Day Plumbing held that the trial court did not err when it denied Day’s motion for a new trial that was based on affidavits from jurors regarding their deliberations. The Court explained its reasoning, as follows:
“Nothing contained in the affidavits offered by Day indicates that the jury actually considered any extraneous facts. The affidavits provide no evidence indicating that the jury consulted any outside source of information or that any juror was influenced by any outside information. The affidavits merely reflect some of the jurors’ discussions, which, ‘without regard to their propriety or lack thereof, are not extraneous facts that would provide an exception to the general rule of exclusion of juror affidavits to impeach the verdict.’ Sharrief [v. Gerlach], 798 So.2d [646,] 653 [ (Ala. 2001) ]. Consequently, the trial court did not err in denying Day’s motion for a new trial insofar as that motion was premised on the jury’s consideration of tax liability and attorney fees in determining the damages award.[3]
*115 964 So.2d at 9 (emphasis added).
Thus, I believe that a fair reading of the opinion in Jimmy Day Plumbing indicates that consideration of evidence from the jurors about the jury foreman’s statement would be proper in this case. A majority of the jurors testified that the extraneous information was made known to them during their deliberations. Moreover, as the quotation of the Advisory Committee’s Notes following Rule 606(b), Ala. R. Evid., in the main opinion demonstrates, that Rule does not preclude consideration of all testimony about the effect of extraneous information on deliberations and the verdict:
“Many federal courts have interpreted Fed.R.Evid. 606(b) to allow jurors to testify as to the purely objective facts about the extraneous information or outside influence, but not about how the information was or was not considered. That is, those courts have not allowed jurors to testify about whether or not the extraneous information or outside influence affected the verdict of any juror or the jury as a whole. In those courts the judge must decide, based only on the objective facts, whether probable prejudice occurred.... This rule is not intended as an adoption of the interpretation given by those federal courts. The committee intends this rule not to alter preexisting Alabama law on this issue, which is to the effect that jurors are not limited to testifying merely that extraneous information was brought before them but also may testify as to whether they were influenced by the extraneous information. Whitten v. Allstate Ins. Co., 447 So.2d 655 (Ala.1984). Of course, jurors’ testimony about the effect on them and their deliberations is not controlling; the trial judge may consider other factors in determining whether prejudice occurred.”
Rule 606(b), Ala. R. Evid., Advisory Committee’s Notes (emphasis added).
Clearly, the Advisory Committee on the Alabama Rules of Evidence anticipated that, in cases involving the introduction of extraneous information, jurors would testify about the effect that information had on their deliberations and the verdict. The evidence indicates that the extraneous information affected the jury’s deliberations in Ross’s case, and not just in Taite’s case, and that it resulted in prejudice to Ross. Under the unique circumstances of this case, Ross has established that she suffered actual prejudice as a result of the jury’s exposure during deliberations to the unproven allegation regarding Taite. The trial court abused its discretion when it denied Ross’s motion for a new trial.
Therefore, I respectfully dissent.

“3 We have not overlooked Clarke-Mobile Counties Gas District v. Reeves, 628 So.2d 368 (Ala.1993), a plurality decision of this Court, upon which Day relies. However, in that case, unlike this case, *115 a juror’s affidavit revealed that extraneous facts had been made known to the jury during its deliberations.”